# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| SCOTT CANFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-087 |
| | ) | |
| DAVO'S TOWING COMPANY, | ) | |
| DENNY'S RESTAURANT, | ) | |
| PAUL WILLIAMS, | ) | |
| JENIFER NEWTON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Scott Canfield, currently incarcerated at the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 civil rights complaint relating to events that occurred in 2008. Doc. 1. This is essentially the same case as *Canfield v. Denny's Restaurant*, CV410-086 (hereafter, *"Canfield"*). The Court granted Canfield leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 3. He has returned the two forms, so the case is ready to proceed. Docs. 4 & 5.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

In *Canfield*, plaintiff states that he started work at a Denny's restaurant on April 7, 2008, but after putting in about 50 hours, he was arrested on April 18, 2008, and his van was impounded by Devo's Towing Company. CV410-086, doc. 1 at 5. Since he was homeless, all of his worldly possessions were kept in his van, including several priceless heirlooms. *Id.* at 6. He wound up losing his van and his possessions, then sought to sue Denny's and two of its employees after they failed to

forward his paycheck to his brother, who would then use the money to recover his van. As the Court explained in that case, Canfield invoked 42 U.S.C. § 1983 to sue private, not state actors, despite black-letter law foreclosing such a claim.

In this proceeding Canfield again attempts to use § 1983 against private actors, specifically the towing company that towed his van. CV410-087, doc. 1 at 9. The same analysis set forth in *Canfield* applies here, foreclosing this action and thus establishing a second 28 U.S.C. § 1915(g) "strike" against him.

Accordingly, his case should be **DISMISSED WITH PREJUDICE**.[1]

**SO REPORTED AND RECOMMENDED,** this 4th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] As an aside, Canfield moves the Court to correct defendant Jenifer Williams's name to Jenifer Newton. Doc. 6. The motion (doc. 6) is **GRANTED**, and the above caption has been amended accordingly. All subsequent filings, along with the docket caption, shall conform.